## No. 9563.

### THE STATE OF LOUISIANA VS. FRANK MOORE.

Under an indictment for entering a store with intent to steal, the prosecuting witness testified substantially that he had walked into the back part of his premises, leaving the store in charge of a child, when he heard the child exclaim, "You are being robbed!" and thereupon rushed into the store and saw the accused in the act of running out. Held, that the judge did not err in overruling an objection to the admissibility of the child's exclamation on the ground that it was hearsay, and in holding that it was admissible as part of the *res gestæ.*

Where, under a statute punishing the offense of entering a *shop* with intent to steal, the indictment used the word "store" instead of shop, the variance is immaterial, as long since decided. 5 Ann. 340.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker,* J.

---

*M. J. Cunningham,* Attorney General, and *Lionel Adams,* District Attorney, for the State, Appellee:

1. The exclamation of a child left in charge of a shop where a larceny is committed, made during the continuance of the transaction and addressed to the owner of the stolen property in these words: "You are being robbed!" is admissible, as forming part of the *res gestæ.* 1 Greenl. on Ev. §§ 99, 100; Wharton Cr. Ev. §§ 262, 263; Roscoe's Cr. Ev. 6 Am. ed., 22.

   The admissibility of the surrounding circumstances, as constituting parts of the *res gestæ*, is to be determined by the trial judge. 1 Greenl. on Ev., § 108.

2. (a) A "shop" is a place for the sale of goods; a "store" is a place for the keeping and sale of goods. 1 Whart. Cr. Law, §§ 792, 795.

With us the terms are equivalent and interchangeable, and an indictment for "entering a *store*" will justify a conviction under a statute for "entering a "*shop*." State vs. Smith, 5 Ann. 340.

(b) It is not necessary "to state any venue in the body of an indictment, but the State, parish or other jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of such indictment." R. S. § 1062. Nor will any indictment be held insufficient " for omitting to state the time at which an offense was committed in any case where time is not of the essence of the offense. R. S. § 1063.

*J. J. Foley* for Defendant and Appellant.

The opinion of the Court was delivered by

Fenner, J. The errors assigned are presented upon a bill of exceptions and a motion in arrest of judgment.

I.

The indictment is for entering a store with intent to steal and for petty larceny.

The bill of exceptions recites, in its body, that the prosecuting witness stated, among other things, that he had occasion to step into the rear place portion of his store "to get a drink of water and while so occupied a child, whom he said he left minding the place, called out to him "you are robbed!" whereupon the counsel for accused moved that the statement, with regard to the exclamation of the child, should be stricken out as hearsay, which objection was overruled by the court and to which ruling the exception is taken. The judge, before signing the bill, made his own statement in the following words: " The witness stated that he stepped into a room adjoining his store to get a glass of water and as he did so, his little girl cried out you are being robbed; that he rushed in the store as accused was in the act of runing out."

Counsel for accused vehemently denies the correctness of the judge's statement and even asks our attention to certain original documents, not part of the transcript and filed here without any authority. Of course we cannot look at these, being completely *dehors* the record.

It is equally clear that we must accept and act upon the statement of the judge. It is his signature alone which imparts force to the bill; and the bill, in fact, is merely his statement of what occurred. He cannot be compelled to make a statement which he does not consider correct; and while his duty to make a correct statement is clear, the breach of that duty cannot be remedied in the mode here proposed. Defendant must either stand upon the bill as signed by the judge, or he has no bill at all.

With due respect to the philosophical discussion of the subject of *res gestæ* by defendant's counsel, we must say that, under the state-

ment as made by the judge, the exclamation of the child was too clearly a part of the *res gestæ* to admit of question. The participants in the events which the witness was relating, were the child who made the exclamation, the witness who heard it and in consequence rushed into the store, and the defendant who ran out of the store; and the three acts are inseparably connected with, and explanatory of, each other and together constitute the transaction. The exclamation falls clearly within the rule laid down by Mr. Wharton and never disputed by any authority, viz: "What is said and done by participants, under the immediate spur of the transaction, becomes thus part of the transaction, because it is the transaction which then speaks.  \*  \*  \* The question is, is the evidence offered that of the event speaking through participants, or that of observers speaking about the events? In the first case what was said can be introduced without calling those who said it; in the second case, they must be called." Whar. Cr. Ev., §§ 262, 263; Roscoe's Cr. Ev., 22; 1 Greenleaf on Ev. §§ 99, 100.

The only question raised by the bill is as to the admissibility of the exclamation. There is none on the subject of its evidentiary value.

II.

The motion in arrest is based on two grounds, viz:

1st. That there is no such offense known to the laws of Louisiana as that set forth in the first count. The defect suggested is that the word used in the indictment is "store," while that used in the statute is "shop." This point was long since disposed of as without force. State vs. Smith, 5 Ann. 340.

2d. That, if the first count be a nullity, the second count for petit larceny, is insufficient in its averments.

As this ground is conditioned upon our finding the first count to be a nullity, our ruling sustaining its sufficiency, destroys the objection which, however, otherwise, has no foundation under §§ 1062, and 1063, Revised Statutes.

Judgment affirmed.